# OLSON | GRIMSLEY

### OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC

March 17, 2026

VIA E-FILING

Mr. Christopher M. Wolpert
Clerk of the Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

Re:     *Wailes, et al., v. Jefferson County Public Schools and Jefferson County Public Schools Board of Education*,
No. 25-1341
(fully briefed and calendared for oral argument on May 12, 2026)

Dear Mr. Wolpert:

Appellants assert the Supreme Court's per curiam emergency docket order in *Mirabelli v. Bonta*, No. 25A810 (U.S. Mar. 2, 2026), "settles parent-plaintiffs' claim here." Appellant Ltr. 1. Not so.

First, *Mirabelli* did not change the requirements for standing. It just reached the unsurprising conclusion that parents who are the express object of California's policies likely have standing. Slip. Op. 6. Plaintiffs still must show that that injury is "actual or imminent, not conjectural or hypothetical." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quotation omitted). The Perlmans cannot do so. Resp. Br. 16-18.

Second, *Mirabelli* does not resolve Appellants' free exercise claim. Jeffco's policy fundamentally differs from those at issue in *Mahmoud v. Taylor*, 606 U.S. 522 (2025), and *Mirabelli* across four features. Resp. Br. 27-31. Appellants' claim that the *Mirabelli* policy that provides for "unconsented facilitation of a child's gender transition" is the same as Jeffco's overnight stay policy has no factual basis. *See* Slip. Op. 5.

Third, Appellants again misstate Jeffco's argument about *Mahmoud*. Jeffco does not claim *Mahmoud* only addresses curricular requirements. Rather, Jeffco recognized that *Mahmoud* took issue with four features of the policy at issue not present here: parents were not notified; there was no ability to opt-out; the curriculum was normative; and the policy affected young students. Resp. Br. 28.

Fourth, Appellants exaggerate *Mirabelli*'s discussion of parental rights. *Mirabelli*, summarizing precedent, stated that parental rights "includes[] the right not to be shut out of participation in decisions regarding their children's *mental health*," Slip Op. 5 (emphasis added)—not their "care," as Appellants claim here, Appellant Ltr. 2.

And fifth, Jeffco's policy survives strict scrutiny. Jeffco identifies *two* compelling interests, the safety and health concerns at issue in *Mirabelli* are not present here, and Jeffco's policy does not "cut out" parents. Resp. Br. 31-33, 28-29. Jeffco's policy is also narrowly tailored. *Id.* at 33-34. Appellants'

March 17, 2026
Page 2 of 2

reading of *Mirabelli* has no limiting principle: nearly anything could be considered bearing on student safety, and no school policy would survive. That is not the law. *Mirabelli* does not control this case.

Sincerely,

/s/ Isabel Broer

Eric Olson
Isabel Broer
Bianca Miyata
Olson Grimsley Kawanabe Hinchcliff & Murray LLC
700 17th Street, Suite 1600
Denver, CO 80202
(303) 535-9151
eolson@olsongrimsley.com
ibroer@olsongrimsley.com
bmiyata@olsongrimsley.com
*Counsel for Appellees*

cc:    Counsel of Record (via CM/ECF)