

July 2, 2026

**VIA CM/ECF**

Mr. Christopher M. Wolpert
Clerk of the Court
United States Court of Appeals
for the Tenth Circuit
1823 Stout Street
Denver, CO 80257

> Re:    *Wailes, et al. v. Jefferson County Public Schools et al.*, No. 25-1341
> (fully briefed and argued on May 12, 2026)

Dear Mr. Wolpert,

This Rule 28(j) letter notifies the Court of *W. Virginia v. B.P.J.*, No. 24–43, 2026 WL 18687369 (U.S. June 30, 2026), which holds that schools may exclude a "male who identifies as female" from female sports teams without violating Title IX or the Equal Protection Clause. 2026 WL 1868739, at *2–3, 9. *B.P.J.* undermines the district court's conclusion here that Jeffco's policy, which rooms male students who identify as female in girls' rooms (and vice versa) on overnight school trips, reflects "federal law." 3.App.699 n.9. It also undercuts Jeffco's claim that its interest in "reducing discrimination against transgender students" prevents it from rooming the student plaintiffs with only students of the same sex. Resp.Br.14; 2.App.173 (arguing that Title IX "likely prohibit[s] the relief Plaintiffs seek here").

*B.P.J.* also defines "sex" under Title IX and the Equal Protection Clause not as a label "assigned at birth," *see* Resp.Br.2, but as "biological" and an "immutable characteristic." 2026 WL 1868739, at *7. And as to Title IX specifically, Justice Gorsuch's concurrence in *B.P.J.* is particularly relevant. It notes that "'nothing'" in Title IX "'should be construed as forbidding'" separate-sex "living facilities in school settings." *Id.* at *18 (Gorsuch, J., concurring) (quoting 20 U.S.C. § 1686). Title IX actually "anticipates and approves single-sex living accommodations" and "does not treat them as unlawful discrimination." *Id.* at *19.

To be sure, *B.P.J.* does not address whether the Constitution or Title IX require sex-separate spaces for all students on overnight trips. But *B.P.J.* does show that federal law did not require Jeffco to "overhaul" its sex-separated rooming

arrangements for overnight trips. *Id.* at \*17. Nor does federal law supply a compelling interest upon which Jeffco can justify its refusal to accommodate plaintiffs' simple request not to room their children with the opposite sex.

This Court should reverse and remand with instructions to preliminarily enjoin Jeffco from rooming the student plaintiffs with the opposite sex.

Sincerely,

s/*Noel W. Sterett*
Noel W. Sterett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
nsterett@adflegal.org

*Counsel for Plaintiffs-Appellants*

2

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 350 words or fewer and complies with Federal Rule of Appellate Procedure 28(j).

s/ *Noel W. Sterett*

Noel W. Sterett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
nsterett@ADFlegal.org

*Counsel for Plaintiffs-Appellants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 2, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

               s/ *Noel W. Sterett*
               Noel W. Sterett
               ALLIANCE DEFENDING FREEDOM
               44180 Riverside Pkwy
               Lansdowne, VA 20176
               (571) 707-4655
               nsterett@ADFlegal.org

               *Counsel for Plaintiffs-Appellants*