# OLSON | GRIMSLEY

OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC

July 10, 2026

VIA E-FILING

Mr. Christopher M. Wolpert
Clerk of the Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

Re:     *Wailes, et al., v. Jefferson County Public Schools and Jefferson County Public Schools Board of Education*,
        No. 25-1341
        (fully briefed and argued on May 12, 2026)

Dear Mr. Wolpert:

Appellants assert that *West Virginia v. B.P.J.*, Nos. 24-43 and 24-38, 2026 WL 1868739 (U.S. June 30, 2026), "undermines the district court's conclusion" and Jeffco's claims. Appellant Ltr. 1. It does not.

Appellants bring claims under the Free Exercise Clause and the Due Process Clause, not Title IX or the Equal Protection Clause. Neither Title IX nor the Equal Protection Clause were the basis of the District Court's Order or at the heart of Jeffco's arguments. Appellants cite only a footnote in the District Court's 20-page Order that mentions "federal law." Appellant Ltr. at 1 (citing App. Vol. 3 at 699 n.9). Jeffco did not rely on Title IX or the Equal Protection Clause in its Response Brief to this Court. *See generally* Appellee Resp. Br. And Appellants cite only a statement made in briefing related to a denied injunction that was not appealed to claim there is a Title IX issue here. Appellant Ltr. at 1 (citing App. Vol. 2 at 173).

Appellants admit that *B.P.J.* "does not address whether the Constitution or Title IX require sex-separate spaces for all students on overnight trips." Appellant Ltr. 1. That concession is both necessary and dispositive, particularly because *B.P.J.* expressly did not address the "distinct" question of whether "schools may *allow*" transgender females to participate on sports teams. 2026 WL 1868739, at *4 n.1.

As to Appellants' other arguments: how "sex" is treated under Title IX and the Equal Protection Clause is irrelevant to a case invoking neither. And Justice Gorsuch's concurrence speaks for just one justice, not a majority of the Court.

*B.P.J.* undercuts Appellants' core argument. *B.P.J.* reiterates that on matters where there is "serious debate and disagreement," like the inclusion of transgender students in school activities, "questions regarding its policy" should be left "to the people, their elected representatives, and the democratic process" absent a showing that it violates the specific constitutional issue raised in the case. 2026 WL 1868739, at *15 (quoting *United States v. Skrmetti*, 605 U.S. 491, 525 (2025)). Here, Jeffco has

July 10, 2026
Page 2 of 2

made an informed policy decision, and *B.P.J.* does not change whether the Free Exercise Clause or the Due Process Clause bar that decision.

Sincerely,

*/s/ Isabel Broer*
Eric Olson
Isabel Broer
Bianca Miyata
Olson Grimsley Kawanabe Hinchcliff & Murray LLC
700 17th Street, Suite 1600
Denver, CO 80202
(303) 535-9151
eolson@olsongrimsley.com
ibroer@olsongrimsley.com
bmiyata@olsongrimsley.com
*Counsel for Appellees*

cc:     Counsel of Record (via CM/ECF)