ALLIANCE DEFENDING FREEDOM

That *all* might be free.

November 9, 2026

**VIA CM/ECF**

Mr. Christopher M. Wolpert
Clerk of the Court
United States Court of Appeals
for the Tenth Circuit
1823 Stout Street
Denver, CO 80257

Re: *Wailes, et al. v. Jefferson County Public Schools et al.*, No. 25-1341
(fully briefed and argued on May 12, 2026)

Dear Mr. Wolpert,

This Rule 28(j) letter notifies the Court that Colorado voters approved the Protect Women and Girls Sports Act on November 3, 2026. *See* Jennifer Brown, *Colorado Voters Approve Measure Banning Transgender Athletes from Gendered School Sports*, Colo. Sun (Nov. 5, 2026), https://perma.cc/3WKC-JGGV. Effective January 1, 2027, the act requires Colorado schools to designate teams as male, female, or coed and to assign students to teams by biological sex—not gender identity. *Id.*

The act further undermines Jeffco's feasibility defense that it cannot separate students by sex because it does not know their sex. Appellees' Br. 6, 33. That claim contradicts the well-pleaded facts. 2.App.382–83. The record belies it too: Jeffco can confidentially use information it already has to avoid rooming the families' children with the opposite sex on overnight trips. 3.App.651 n.1; Reply Br. 3–4. And now it fails as a matter of state law. Like Title IX, which turns on "biological" sex, the act protects girls as a biological class—so Jeffco must know which students are biological girls to protect them. *See West Virginia v. B.P.J.*, 609 U.S. 958, 973–74 (2026).

The policy at issue here also governs Jeffco's teams on overnight trips. 3.App.429. If Jeffco can separate boys from girls on the court, it can separate them at the hotel. Schools have done so for generations.

State law now does more than permit Jeffco to sort students by sex—it requires it. That mandate removes any asserted justification for burdening the families' free-exercise rights, parental rights, and students' bodily privacy. Each of

those claims triggers strict scrutiny, which Jeffco fails. Opening Br. 39–42; Reply Br. 19–22. And Jeffco cannot show that refusing the parents' simple request—not to room their children with the opposite sex—is narrowly tailored to any compelling interest. That failure is fatal to Jeffco's defense.

Because the families are likely to succeed, this Court should reverse and remand with instructions to preliminarily enjoin Jeffco from rooming the student plaintiffs with the opposite sex on overnight trips.

Sincerely,

*s/Noel W. Sterett*

Noel W. Sterett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
nsterett@adflegal.org

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 350 words or fewer and complies with Federal Rule of Appellate Procedure 28(j).

*s/ Noel W. Sterett*

Noel W. Sterett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
nsterett@ADFlegal.org

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Noel W. Sterett*
Noel W. Sterett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
nsterett@ADFlegal.org

*Counsel for Plaintiffs-Appellants*